UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ERIC ORLANDO FOWLER,
FDOC Inmate No. I90663,
    Plaintiff,

vs.                                        Case No.:  4:25cv29/WS/ZCB

SCOTT DUVALL, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff is incarcerated in the Florida Department of Corrections (FDOC). On January 17, 2025, Plaintiff filed this *pro se* lawsuit against four Defendants: (1) Scott Duvall, "prison keeper" of Washington County; (2) Ron DeSantis, Governor of Florida; (3) Jimmy Patronis, Chief Financial Officer of Florida; and (4) Ricky Dixon, Secretary of the Florida Department of Corrections. (Doc. 1 at 1). Plaintiff has not paid the filing fee, nor has he filed a motion to proceed *in forma pauperis* (IFP). Upon review of Plaintiff's litigation history, the Court recommends this case be dismissed without prejudice because Plaintiff is a three-striker barred from proceeding IFP and, as such, he was required to pay the requisite filing fee upon initiating this suit.

## I. Discussion

Under the three strikes provision, a prisoner cannot proceed IFP in a civil action if he has "on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim." 28 U.S.C. § 1915(g). The statute provides a narrow exception for instances where the prisoner is "under imminent danger of serious physical injury." *Id.*; *see also Daker v. Bryson*, 784 F. App'x 690, 692 (11th Cir. 2019) (explaining that the "sole exception to the three strikes bar is where the prisoner is under imminent danger of serious physical injury").

A prisoner who is barred from proceeding IFP by § 1915(g) must pay the full filing fee when the lawsuit is filed. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). The Eleventh Circuit has explained that the "proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g)." *Id.* According to *Dupree*, a prisoner cannot avoid dismissal by "simply pay[ing] the filing fee after being denied *in forma pauperis* status" because the fee was due "at the time he *initiate[d]* the suit." *Id.*; *see also*

*Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit).

Here, the Court has reviewed Plaintiff's litigation history on the Public Access To Court Electronic Records (PACER) database.[1]  That search has revealed that Plaintiff (while a prisoner) has previously filed at least three actions or appeals in federal courts that were dismissed as frivolous, malicious, or for failure to state a claim on which relief can be granted.  More specifically:

- *Fowler v. Campbell*, No. 8:18cv2122/CEH/CPT (M.D. Fla. Oct. 4, 2018) (dismissed for failure to state a claim);

- *Fowler v. 6th Jud. Cir.*, No. 8:18cv2575/MSS/JSS (M.D. Fla. Nov. 8, 2018) (dismissed for failure to state a claim); and

- *Fowler v. State of Florida*, No. 8:18cv2121/CEH/CPT (M.D. Fla. Feb. 14, 2019) (dismissed for failure to state a claim).

---

[1] Federal Rule of Evidence 201 permits a court to "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

In fact, this Court has previously recognized Plaintiff as a three-striker who is barred from proceeding IFP:

- *Fowler v. United States of America*, No. 5:23cv303/TKW/MJF (N.D. Fla. Jan. 12, 2024) (recognizing Plaintiff as a three-striker barred from proceeding IFP under 28 U.S.C. § 1915(g)).

Because Plaintiff had three strikes when he commenced this case, he cannot proceed IFP. Thus, he should have paid the filing fee at the time of filing. He failed to do so. And he makes no allegations that would support a finding that he is "under imminent danger of serious physical injury" as required for the exception in § 1915(g) to apply. Dismissal without prejudice is, therefore, appropriate. *See Dupree*, 284 F.3d at 1236-37.

## II.  Conclusion

For the reasons above, this case should be dismissed without prejudice.

Accordingly, it is respectfully **RECOMMENDED**:

1.   This action be **DISMISSED without prejudice**, under 28 U.S.C. § 1915(g), based on Plaintiff's failure to pay the filing fee at the time he commenced this case.

2.   The Clerk of Court be directed to close this case.

At Pensacola, Florida this 27th day of January 2025.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.